MANLY D. HOWARD AND JAN VAN DYKE, SR. v. PUBLIC SCHOOLS OF THE CITY OF HOLLAND.

*Building Contract—Payment to sureties—Waiver.*

Sureties upon a building contract made with a school district were designated by the contractors to receive the payments made on the

contract. The order designating them was made before the contract and bond were completed and approved by the district board, and when they were approved, the order was spread upon the records. *Held*, in an action by the sureties against the district to recover the amount of a payment made directly to the contractors, that plaintiffs could fully explain their relations with the contractors, in order to show the consideration for and the extent of their rights. *Also*, that the fact that the order was made before the contract was completed, did not render it invalid, and that spreading it upon the records was as distinct a recognition as could be made, and the board could not afterwards lawfully disregard it until it was waived or surrendered.

Where contractors directed payments to be made to their sureties, and they were made on orders drawn in favor of the contractors, and indorsed by them to their sureties, but always delivered to the sureties, by the party making payment, it was held that this course of business did not of itself indicate a waiver by the sureties of their rights under the order that payment be made to them instead of their principals.

Error to Ottawa. (Arnold, J.) Jan. 16.—Jan. 18.

Assumpsit. Defendant brings error. Affirmed.

*Norris & Uhl* for appellant.

*J. C. Post* and *W. B. Williams* for appellees.

Campbell, J. Plaintiffs recovered judgment against defendant for a balance under a building contract made by defendants with Hendrick Toren and Pieter Oosting, on which plaintiffs were sureties, and the payments on which had been ordered by Toren & Oosting to be paid to plaintiffs, by an authority declared irrevocable. The payment in dispute was paid over by the officers of defendant to the builders themselves, and the chief and almost only important question on the trial was whether this payment exonerated defendants.

Several of the assignments of error concerning testimony may be disposed of together. There was testimony tending to establish this state of things which the court found. The contract was put in shape and executed in pursuance of proposals accepted on the 14th of May, 1879, in accord-

ance with plans and specifications. Security was required as a condition of obtaining the contract, and plaintiffs made an agreement with the builders to become such sureties on their bond, on the understanding that all payments should be made to plaintiffs. The contract and bond, together with an order on the board to make such payments whenever the same should become due and payable, were laid before the board at a meeting on July 21, 1879, at which time the bond and contract were completed and approved, and the order for payment directed to be spread upon the records, which was done. The contract was dated as of June 2, 1879. The work then proceeded.

It is objected that it was not competent to show the various negotiations between plaintiffs and the builders, to which defendants were legally strangers, and that it was not competent to show the pecuniary insufficiency of the builders, which was claimed to have been one of the reasons for requiring the arrangement for payment. And it is further claimed that this order was nugatory, as made before there was any contract in existence.

We think it was entirely competent for plaintiffs to explain their relations with the builders fully, in order to show the consideration and extent of their rights. The facts shown on the trial were all a part of one transaction, which could not very well be explained without it. And we see no better reason for questioning the validity of the order. The contract, bond and order all became operative together, and the board approved the documents on which it was a party with a full knowledge and recognition of the mutual agreement of the other parties concerning the payments. We do not see that under these circumstances any direct approval or acceptance of the latter document was at all material. Spreading it upon the records was as distinct a recognition as could possibly be made, and thereafter the board could not lawfully disregard it, until waived or surrendered.

We do not deem the dealings between plaintiffs and the various authorities of defendants during the progress of the

building and prior to the last payment as of any importance except as to the one question of alleged waiver. The payments having been earned and actually made, there can be no importance now in the admission of testimony of the sayings or doings of defendants' agents on any other ground. That question arises in this way.

All of the payments made to plaintiffs were made by orders payable to the order of Toren & Oosting indorsed over in their name to plaintiffs. The final payment was made directly to Toren & Oosting, and the committee of defendants, who made the final settlement, required of and received from them a written revocation of the order in favor of plaintiffs before the payment was so made. It is now claimed that if the order was originally valid—and we have before said it was—this course of business released defendants from any responsibility under it.

We do not think the facts had any such effect. The board do not appear to have taken any direct part in the subsequent transactions. The orders passed by the board at the usual times of payment to make payment to "the contractors" cannot be construed as a repudiation of the agency through which the money was to pass, and nothing was done to notify plaintiffs of any such purpose. They accepted the payments of orders indorsed by Toren & Oosting from the secretary himself and not from that firm, and without knowing that Toren & Oosting had been called on by the secretary to give or had given any new or special orders. The secretary never gave any of the orders to the contractors for any purpose except to get their indorsement, and the only real delivery was to plaintiffs. We discover nothing in the evidence or findings on which any claim of waiver could rationally be based. Neither is there anything tending to show an attempt by the board prior to the last payment to ignore plaintiffs' rights. But those rights having been fixed could not be disregarded.

On a review of the whole record we find no error.

The judgment must be affirmed with costs.

The other Justices concurred.